IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **QIHUI HUANG** | * | |
| | * | |
| Plaintiff | * | |
| | * | Civil No. PJM 06-2444 |
| v. | * | |
| | * | |
| **RONNY SALAMEH,** *et al.* | * | |
| | * | |
| Defendant | * | |
| | * | |

## MEMORANDUM OPINION

In opposition to Plaintiff Huang's housing-related claims against them**,** Defendants have filed a Motion to Dismiss, alleging that all Huang's claims are barred by the doctrine of res judicata. On August 21, 2008 the Court denied the Motion to Dismiss without prejudice and stayed all further proceedings pending the outcome of Huang's appeal of her parallel state court action. The Maryland Court of Special Appeals has now affirmed the Circuit Court of Montgomery County's dismissal of Huang's claims, save for her breach of contract claim, which was remanded to the Circuit Court.

In this case Huang has now filed a Motion to Lift Stay and Reopen Case [Paper No. 81]. Defendants oppose the Motion and ask the Court to treat their Opposition as a Motion to Dismiss under Fed. R. Civ. P. 12(b). For the reasons stated below, Huang's Motion to Lift Stay and Reopen Case is **GRANTED**, but only for the purpose of **GRANTING** Defendants' Motion to Dismiss.

**I.**

The facts, as previously related by the Court, are as follows:

Defendants (collectively "Centex")[1] developed, built, and sold a residential dwelling located at 150 Riverwatch Drive, Indian Head, Maryland ("the Property). Huang, an "Asian American woman born and raised in the People's Republic of China," is the purchaser and sole owner of the Property.

Huang alleges that based on her race, sex, and national origin, Centex forced her to agree to "bad loan terms and conditions" offered by its subsidiary mortgage lender when it knew that she qualified for better terms. She further asserts that Centex provided fully sodded lawns and/or provided written documentation of "incomplete work[s]" to other purchasers of different race, sex, and national origin, but denied these services to her. She also seeks to recover for damages allegedly caused to the Property (specifically the lawn area) when employees or agents of Centex trespassed in order to construct their adjacent lot. Finally, Huang alleges that Centex failed to post fair housing advertisements.

## II.

On September 21, 2006 Huang, acting *pro se*, filed suit in this Court. On February 16, 2007, Centex filed its Motion to Dismiss, which in relevant part, asserts that Huang's claims were barred by the doctrine of res judicata by virtue of an Order of the Circuit Court for Montgomery County, Maryland dated August 31, 2007 that dismissed with prejudice Huang's state court case arising out of the same operative facts alleged here. At oral argument here, represented for the first time by counsel, Huang asserted a number of federal claims which were not clearly articulated in her then operative amended complaint. The Court permitted Huang to further amend her complaint to add federal claims and requested additional briefing from the

---

[1] Defendant Centex Homes DC Metro Division, whose office is located in Montgomery County, Maryland, is the local division of Defendant Centex Homes, a Texas Corporation. Defendant Ronny Salameh is the president of Centex Homes DC Metro Division.

parties as to the res judicata effect of the prior state court judgment with respect to any or all of these purported federal claims.

Huang thereafter filed a Second Amended Complaint in this Court in which she asserts claims for violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq.*, and the Civil Rights Act of 1866, specifically 42 U.S.C. §§ 1981 and 1982. She also asserts a number of claims under Maryland state law, including breach of contract, trespass, negligent and intentional infliction of emotion distress, breach of the covenant of quiet enjoyment, and claims under the Maryland Consumer Protection Act.

On August 21 2008, the Court issued a Memorandum Opinion finding that "Huang could have raised all of her present state and federal claims in the prior state court action and had a full and fair opportunity to litigate all claims arising out of the underlying property dispute." *Huang v. Salameh, et al.*, No. 06-2444 (D. Md. August 21, 2008). However, rather than granting Centex's Motion, the Court stayed the case pending Huang's appeal in state court. On August 13, 2009 the Maryland Court of Special Appeals held that Huang "only alleged cognizable causes of action for breach of contract against Centex and DC Centex." *Huang v. Gretz, et al.*, No. 2856 (Md. Ct. Spec. App. August 13, 2009) (unpublished). As to all other claims, said the Court of Special Appeals, "the trial court was legally correct in dismissing [Huang's] case with prejudice." *Id.*

In her Motion to Lift Stay and Reopen Case, Huang argues that she has pled viable federal claims that were not before the state court and thus cannot be barred by res judicata. In response, Centex asserts that this Court has already noted that Huang's claims are barred by res judicata, and with only a breach of contract claim remaining, the Court should dismiss the case

either because the Court lacks subject matter jurisdiction or that the Court ought simply to abstain.

For the following reasons, the Court **GRANTS** Huang's Motion to Lift Stay and Reopen case, but only for the purpose of **GRANTING** Centex's Motion to Dismiss.

### III.

When, as here, the former adjudication is a state court judgment, a federal court applies the res judicata rules of the state that rendered the underlying judgment. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1985); *see also Meindl v. Genesys Pac. Techs, Inc.*, 204 F.3d 124, 127 (4th Cir. 2000).

Under Maryland law, a subsequent claim is barred by the doctrine of res judicata when (1) the parties in the present litigation are the same or in privity with the parties to the earlier suit; (2) the second suit presents the same cause of action or claim as the first or the claim could have been raised in the prior suit but was not; and (3) the prior adjudication was a final judgment on the merits by a court of competent jurisdiction. *Colandrea v. Wilde Lake Cmty. Ass'n*, 761 A.2d 899, 908 (Md. 2000) (quoting *DeLeon v. Slear*, 616 A.2d 380, 385 (Md. 1992).

A dismissal with prejudice satisfies the requirement of having a previous judgment on the merits. *Hall v. St. Mary's Seminary & University*, 608 F. Supp. 2d 679, 685 (D. Md 2009). This is so even when the prior action was dismissed with prejudice based on procedural grounds. *Assa'ad-Faltas v. President of University of South Carolina,* 291 F. App'x. 534, 536 (4th Cir. 2008) (action was barred by res judicata where the previous action was dismissed with prejudice based on Plaintiff's failure to comply with discovery and her abusive demeanor during a deposition).

**IV.**

In its previous Memorandum Opinion the Court held that each of the elements necessary to apply the doctrine of res judicata to bar Huang's claims are present in this case. The parties in the two suits are indeed the same, Huang could have raised each of the claims in her federal suit in the prior litigation, in which all of her claims against Defendants were dismissed with prejudice by the Circuit Court of Montgomery County. However, because there was some suggestion by the parties that under Maryland law a judgment might not be final for res judicata purposes once an appeal has been taken,[2] the Court elected to stay the case pending appeal and denied Centex's Motion to Dismiss without prejudice. The Maryland Court of Special Appeals has now affirmed the Circuit Court's dismissal with prejudice of all of Huang's claims except for her breach of contract claim, which it remanded to the Circuit Court for further proceedings. Accordingly, for the reasons outlined in the Court's Memorandum Opinion of August 21, 2009, all of Huang's claims, save for her breach of contract claim, are barred by the doctrine of res judicata.

**V.**

As to the breach of contract claim, Centex asks the Court to dismiss the claim either because the Court lacks subject matter jurisdiction or because abstention is appropriate pursuant to *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976). In her response, Huang continues to argue that her federal cause of action is separate and distinct from her state cause of actions (despite this Court's holding to the contrary), but does not address Centex's arguments for dismissal.

"A federal court must satisfy itself that it has jurisdictional power to rule on the merits of a case." *Johnson v. Town of Elizabethtown*, 800 F.2d 404, 407 n. 2 (4th Cir. 1986). Huang

---

[2] *See Green v. State*, 170 Md. 134 (1936); *Borden Min. Co. v. Barry*, 17 Md. 419 (1861).

premised this Court's subject matter jurisdiction on 28 U.S.C. § 1343 (civil rights cases), 28 U.S.C. § 2201 (declaratory judgment), and 42 U.S.C. § 3613 (Fair Housing Act enforcement). However, the Court holds that Huang's federal claims under the Civil Rights Act and the Fair Housing Act are barred by res judicata. At the same time, Huang's does not appear to have pleaded a claim for declaratory judgment, and even if she did, the existence of such a claim would not in itself be a proper basis for federal subject matter jurisdiction. *See City Nat. Bank v. Edmisten*, 681 F.2d 942, 945 n.6 (4th Cir. 1982) ("it is clear that § 2201 is remedial only, and is not itself a basis for federal subject matter jurisdiction"). In short, no federal question remains. The Court notes that jurisdiction would not exist on a diversity basis in this case since Huang and Defendants Salameh and Centex Homes DC Metro Division all reside or are located in Maryland. Accordingly, Huang's remaining state claim for breach of contract is dismissed, but without prejudice.[3] *See Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988) (remanding with instructions to dismiss where plaintiff "failed to raise a substantial federal question").

---

[3] As the Court has determined to dismiss the case on jurisdictional grounds, there is no need to address the question of whether this case meets the "exceptional circumstances" test set forth in *Colorado River* and its progeny. See *Colorado River*, 424 U.S. at 800.

## VI.

For the forgoing reasons, Huang's Motion to Lift Stay and Reopen Case [Paper No. 81] is **GRANTED**. Defendants' Motion to Dismiss [Paper No. 82] is **GRANTED WITH PREJUDICE** as to Counts 1-6 and 8-10 and is **GRANTED WITHOUT PREJUDICE** as to Count 7.

A separate Order will **ISSUE**.


August 13, 2010                                             /s/
                                                **PETER J. MESSITTE**
                                        **UNITED STATES DISTRICT JUDGE**